# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNA POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1167-R |
| | ) |
| EXPRESS CREDIT AUTO, INC., a | ) |
| domestic for profit corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Specific Claims in Plaintiff's First Amended Complaint. Doc. No. 11. Plaintiff brought this action for discrimination based on sex and race in violation of Title VII, negligence, and intentional infliction of emotional distress. Pl.'s First Am. Compl. 5-9. She has named as defendants Express Credit Auto, Inc. ("ECA"), her former employer, the owner of ECA in his individual and representative capacity, and the Senior Sales Manager, Store Manager, and Store Supervisor of ECA in their individual and representative capacities. *Id.* at 1, 3, 5. Defendants ask the Court to dismiss certain claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. No. 11, at 1. Having considered the parties' submissions, the Court grants the motion in part and denies it in part.

## Analysis

### A. Lack of Jurisdiction for Race Discrimination Claim

Plaintiff alleges that she was terminated for refusing to end a relationship with an African American man in violation of Title VII. Pl.'s First Am. Compl. ¶¶ 33-34.

Defendants argue that Plaintiff has not exhausted her administrative remedies with respect to this claim because when filing a charge with the Equal Employment Opportunity Commission ("EEOC"), she did not allege this type of discrimination. Doc. No. 11, at 6-8.

Plaintiff, as the party seeking to invoke the Court's jurisdiction, has the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). Title VII requires plaintiffs to exhaust their administrative remedies prior to filing suit, and administrative exhaustion is a jurisdictional prerequisite to suit. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012). "[E]ach discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)) (internal quotation marks omitted). To properly exhaust, Plaintiff must file a charge with the EEOC. *Bertsch*, 68 F.3d at 1030. "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (citations omitted).

Defendants attached Plaintiff's EEOC charge to their motion to dismiss. Doc. No. 11, Ex. 1; *see Morrison v. Kache*, 576 F. App'x 715, 716-17 (10th Cir. 2014) (unpublished) (noting that a court may consider documents outside the pleadings when determining subject matter jurisdiction without converting the motion to dismiss into a

motion for summary judgment). Under the section titled "Discrimination Based On (*Check appropriate box(es).*)," Plaintiff marked only the box labeled "Sex," and not the box labeled "Race." Doc. No. 11, Ex. 1, at 1. In the attached narrative, she wrote that the "Basis of Discrimination" was "Gender-Sexual Harassment" and "Retaliation." *Id.* at 2. Her "Summary of Claims" at the top of the narrative states, "The Complainant was subject to sexual harassment and an ongoing hostile work environment when, but not limited to: Over a period of years, she was subjected to frequent unwanted sexual advances, touching, innuendos, and comments about her breasts." *Id.* at 3. Nowhere in the entire narrative does Plaintiff mention being terminated because she was in a relationship with an African American man, and she never once mentions discrimination based on race.

In response to the motion, Plaintiff states that she discussed the race discrimination claim with the EEOC investigator, and "assumed it would be dealt with at some point in the process." Doc. No. 12, at 5. Because she has asked the EEOC to reopen her claim so that she may amend her charge to add details about race discrimination, she asks the Court to stay its ruling on Defendants' motion until the EEOC decides whether to permit amendment. *Id.*

Plaintiff's request is in direct conflict with the requirement that she exhaust her administrative remedies *prior* to pursuing a Title VII claim in federal court. Plaintiff had the option of amending her charge to add a race discrimination claim or filing a new charge raising such a claim prior to bringing suit in this Court, *see Eke v. CaridianBCT, Inc.*, 490 F. App'x 156, 160 (10th Cir. 2012) (unpublished), but chose to do neither.

3

Because the EEOC could not reasonably be expected to investigate a claim of race discrimination based on Plaintiff's charge, she has failed to exhaust her administrative remedies for this claim. Plaintiff's claim of race discrimination is thus dismissed, due to a lack of subject matter jurisdiction.

### B. Failure to State a Claim

In considering a motion under Rule 12(b)(6), the Court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citation omitted). For the purpose of making the dismissal determination, the Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

#### 1. OADA

Three of Plaintiff's alleged claims are "Vicarious Liability of Express Credit Auto, Inc. for the sexual harassment of Plaintiff Jenna Powell," negligence, and intentional infliction of emotional distress. Pl.'s Am. Compl. 7-9. Defendants argue that a 2011 amendment to the Oklahoma Anti-Discrimination Act ("OADA") abolished state

common law remedies for employment discrimination, including the three above claims. Doc. No. 11, at 8.[1] Plaintiff offers no argument in response to Defendants' contention.

The Court construes the vicarious liability "claim" as allegations intended to defeat any potential defense the Defendants might raise with respect to Plaintiff's claim for sex discrimination under Title VII. In response to a claim for a hostile work environment, if an employer did not take a tangible employment action against an employee, it may raise an affirmative defense, which requires proof of two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). This defense avoids "vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Id.* The allegations under Plaintiff's "claim" for vicarious liability mirror the elements of this defense. *See* Pl.'s Am. Compl. ¶¶ 39-41. Therefore, because these allegations do not constitute a separate claim subject to dismissal, but rather support Plaintiff's first claim for a hostile work environment under Title VII, Defendants' motion is denied to the extent it seeks dismissal of any purported claim for vicarious liability.

With regard to Plaintiff's claims for negligence and intentional infliction of emotional distress, because her response brief does not address Defendants' argument

---

[1] Section 1350 of the OADA provides, "A cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished." OKLA. STAT. ANN. tit. 25, § 1350(A) (West).

concerning abrogation of these claims by the OADA, pursuant to LCvR 7.1(g), the Court in its discretion deems the issue confessed, and these claims are dismissed.

### 2. Individual Liability Under Title VII

In her amended complaint, Plaintiff names the owner of ECA and three managers/supervisors in both their individual and representative capacities. Pl.'s First Am. Compl. 1, 3. Defendants argue that Plaintiff's Title VII claims against them in their individual capacity fail to state a claim because employees may not be held personally liable under Title VII. Doc. No. 11, at 4. The Tenth Circuit follows the majority view that, "[u]nder Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) (quoting *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993)).

Plaintiff acknowledges that employees may not be held personally liable under Title VII, but seeks to maintain her claims against Defendants Richardson, Lakin, and Billy and John Miller in their representative capacities. Doc. No. 12, at 4-5. Although Plaintiff correctly notes that suing employees in their representative capacity under Title VII is permitted, because such a suit is against the employer itself, *Haynes*, 88 F.3d at 899, maintaining an action against an employee in his representative capacity is unnecessary if the employer is already a named defendant. Because ECA is already a named defendant in this case, in the interest of judicial economy, Plaintiff's Title VII sex discrimination claim against Defendants Richardson, Lakin, and Billy and John Miller, in

both their individual and representative capacities, is dismissed. *See Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005) (unpublished) ("[S]upervisors may be named in their official capacity and/or as alter egos of the employer, but just as a means to sue the employer, and this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name." (citations omitted)); *cf. Gallardo v. Bd. of Cnty. Comm'rs*, No. 94-4064-SAC, 1995 WL 106366, at *2 (D. Kan. Jan. 11, 1995) ("Such a practice promotes 'judicial economy and efficiency,' prevents the possibility of juror confusion over official capacity actions, and streamlines the pleadings." (citations omitted)).

### 3. Punitive Damages

In her amended complaint, Plaintiff lists "Punitive Damages" as "Count VI." Pl.'s Am. Compl. 9. Defendants argue that this count should be dismissed because there is no independent cause of action for punitive damages, and this request should instead be considered part of Plaintiff's demand for relief. Doc. No. 11, at 11; Doc. No. 13, at 5. In response, Plaintiff states that she did not intend her request for punitive damages to be a separate cause of action, but intended only to put Defendants on notice that she believes she is entitled to such damages. Doc. No. 12, at 6. Because punitive damages are a remedy, not a claim subject to dismissal, *cf. Medcorp, Inc. v. Pinpoint Techs., Inc.*, No. 08-cv-00867-MSK-KLM, 2009 WL 3158130, at *5 (D. Colo. Sept. 24, 2009) (holding that punitive damages are a remedy, not a claim subject to summary judgment), the Court declines to dismiss Plaintiff's request for punitive damages.

## **Conclusion**

In accordance with the foregoing, Defendants' Motion to Dismiss Specific Claims in Plaintiff's First Amended Complaint [Doc. No. 11] is GRANTED in part and DENIED in part. Plaintiff's claims of race discrimination, negligence, and intentional infliction of emotional distress are dismissed. Her only remaining claim is that of discrimination based on sex under Title VII; but this Title VII claim against Defendants Richardson, Lakin, and Billy and John Miller, in both their individual and representative capacities, is dismissed. Defendants' motion is denied in all other respects.

IT IS SO ORDERED this 13th day of April, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE