# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JENNA POWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-14-1167-R |
| | ) |
| **EXPRESS CREDIT AUTO, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Defendant Express Credit Auto, Inc., has moved for summary judgment on Plaintiff Jenna Powell's First Amended Complaint and on its *Faragher-Ellerth* affirmative defenses. Based on the allegedly undisputed facts, Defendant asserts that Plaintiff's EEOC Complaint was untimely; that Plaintiff cannot establish a *prima facie* case of *quid pro quo* sexual harassment; that Plaintiff cannot establish a *prima facie* case of gender-based hostile work environment; and that Defendant is entitled to judgment on its *Faragher-Ellerth* defenses as a matter of law. Plaintiff does not respond to Defendant's argument that Plaintiff cannot establish *quid pro quo* sexual harassment. Accordingly, Defendant's motion is confessed in that regard. In any event, Plaintiff has failed to submit any evidence that any employee of Defendant conditioned concrete employment benefits on her submission to sexual advances and/or took negative action against Plaintiff for failure to comply. Therefore, Defendant's motion directed to *quid pro quo* sexual harassment is granted.

Plaintiff filed her EEOC charge of discrimination on October 18, 2013, although that charge was not properly perfected. Her charge with the EEOC was perfected on January 27, 2014. Giving Plaintiff the benefit of the unperfected charge, Plaintiff must show that at least one act of sexual harassment occurred within 300 days preceding October 18, 2013 or after

December 22, 2012. Construing the evidence in the light most favorable to Plaintiff, which the Court must, Plaintiff has met this burden. She testified that the last phone conversation with Lakin occurred prior to Christmas in December, 2012, and her last phone conversation with the other alleged harasser, Billy Miller, was in either December, 2012, or January, 2013. During phone conversations with the alleged harassers, Plaintiff claims they asked her to send pictures of her breasts,[1] while acknowledging that the alleged harassers did not make such a request in every phone conversation. But construing the evidence most favorably to Plaintiff, assuming the final phone conversations with the alleged harassers included such a request and took place after December 22, 2012,[2] Plaintiff's EEOC sexual harassment charge was timely. Defendant's motion to the extent it asserts Plaintiff's EEOC charge was untimely is denied.

The vast majority of the allegedly harassing conduct of Lakin occurred between June, 2006 and July 2007, while Plaintiff worked with Lakin at Defendant's North store location, 6 to 7 years before Plaintiff's employment was terminated.[3] The vast majority of the conduct of Billy Miller about which Plaintiff complains allegedly occurred at the North store location between June 2006 and July 2007 and again at the Midwest City store location between September, 2008 and June or July, 2011, while Miller was Plaintiff's supervisor.[4] Although

---

[1] Plaintiff estimated that she had phone calls with Lakin and Miller making such a request monthly but could not state how many such calls she had received.

[2] Plaintiff could not recall precisely when the last such telephone conversations occurred.

[3] Plaintiff's employment was terminated on February 20, 2013. Plaintiff has admitted that her termination had nothing to do with Lakin or Billy Miller. Moreover, Plaintiff does not assert a retaliatory discharge claim.

[4] Plaintiff never worked at the same store location as Lakin after July, 2007 and Lakin had no supervisory authority over Plaintiff after July, 2007. Billy Miller never supervised Plaintiff after July, 2011.

in determining whether Plaintiff has established a *prima facie* case of gender-based hostile work environment, the Court can consider both those acts which occurred inside and outside of the 300-day limitation period, *see Duncan v. Manager, Dep't of Safety, City & Cnty of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005), if the acts that occurred within the filing period are sufficiently similar to prior untimely acts, *see National Railroad Passenger Corp v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), intervening acts may occur such that all of the conduct is not part of the same hostile work environment. *See Holmes v. Utah Dep't. Of Workforce Services*, 483 F.3d 1057, 1063 (10th Cir. 2007). In this case, one intervening act which occurred was Plaintiff's transfer from Defendant's North location to its South location in July, 2007, thereby ending her supervision by Lakin. The second intervening act was Billy Miller's transfer from Defendant's Midwest City location, where he acted as Plaintiff's supervisor, to Defendant's North location in June or July of 2011. Upon Billy Miller's transfer, Plaintiff was no longer working in the same location with either of the alleged harassers, and neither had supervisory authority over her. These intervening acts prevent Plaintiff from using conduct occurring between June, 2006 and July, 2011, as a basis for her hostile work environment claim because they are not part of the same hostile work environment as the conduct that occurred thereafter. The only sexual harassment that occurred after July, 2011, of which there is evidence, is requests for photographs of Plaintiff's breast in telephone conversations that, according to Plaintiff, occurred no more than monthly. Such conduct, while reprehensible, was not sufficiently pervasive or severe to alter the conditions of Plaintiff's employment and create an abusive working environment, an element of Plaintiff's *prima facie* case. *See Stinnett v. Safeway,*

*Inc.*, 337 F.3d 1213, 1219 (10th Cir. 2003)(quoting *Davis v. U.S. Postal Service*, 142 F.3d 1334, 1341 (10th Cir. 1988).  *Compare with Hayes v. Consertino's Price Chopper Food Stores, Inc.*, 2004 WL 100449 at *12 (D. Kan. Apr. 14, 2004).  Therefore, Defendant is entitled to summary judgment on Plaintiff's hostile environment claim.  The Court finds it unnecessary to address Defendant's argument that it is entitled to summary judgment on its affirmative defenses.

In light of this Court's treatment of the timeliness issue, it finds it unnecessary to consider Defendant's Motion to Strike.  Defendant's Motion for Summary Judgment on Plaintiff's First Amended Complaint is GRANTED.

IT IS SO ORDERED this 7th day of January, 2015.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE